# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    *Plaintiff*,

    v.                                                  Civil. No.:

$231,850.00 IN U.S. CURRENCY,

    *Defendant In Rem*.

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff, United States, brings this complaint in accordance with Supplemental Rule G(2) of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions, and alleges as follows:

### NATURE OF THE ACTION

1)    This is a civil action to forfeit and condemn to the use and benefit of the United States of America moneys, negotiable instruments, securities, and other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act; proceeds traceable to an exchange of moneys, negotiable instruments, securities, and other things of value for a controlled substance or listed chemical in violation of the Controlled Substances Act; and/or property involved in bulk cash smuggling. The Defendant *in rem* is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) and 31 U.S.C. § 5332(a) and (c).

### DEFENDANT *IN REM*

2)    The Defendant *in rem* consists of the following:

    a)    $231,850.00 IN U.S. CURRENCY.

(Hereafter referred to as the "Defendant Property").

3)      The Defendant Property was seized by United States Customs Border and Protection on or about June 20, 2023.

4)      The Defendant Property is now, and during the pendency of this action will be, in the jurisdiction of this Court.

<u>JURISDICTION AND VENUE</u>

5)      The United States District Court for the District of New Mexico has subject matter jurisdiction under 28 U.S.C. §§ 1345, 1355(a) and 1356.

6)      Venue for this civil forfeiture action is proper in this district pursuant to 28 U.S.C. §§ 1355 and 1395, as acts or omissions giving rise to the forfeiture took place in this district and the property is found in this district. Upon the filing of this complaint, the Defendant Property will be arrested by execution of a Warrant for Arrest *in Rem* in the District of New Mexico.

<u>FACTS</u>

7)      On June 30, 2023, on Southbound Highway 54 in New Mexico, an Otero Sheriff's Department Deputy Diaz stopped a Chevrolet Silverado 2500 pulling a flatbed trailer bearing a Chevrolet Suburban because there was no license plate on the trailer. The driver of the Chevrolet Silverado was Jorge Luis Andazola- Gomez. There were four additional individuals in the Chevrolet Silverado consisting of one adult female, one juvenile female, and two adult males. One of the adult males, Noe Andrade Cepeda, was identified as the owner of the Suburban. The driver and the two adult males appeared to be nervous.

8)      After issuing a warning for the traffic violation to Andazola-Gomez, Deputy Rankin asked Andazola-Gomez if he would consent to allow Deputy Rankin to ask additional questions. Andazola-Gomez agreed. Deputy Rankin then requested and received Andazola-

2

Gomez's consent to conduct a canine inspection and hand search of both the Chevrolet Silverado and the Chevrolet Suburban.

9)      Border Patrol Agent Weems responded with his canine partner and performed a canine inspection. The canine alerted positively to the vehicles for the odor of an illegal controlled substance. A subsequent search resulted in the discovery of 14 bundles of U.S. currency concealed within the spare tire of the Chevrolet Suburban.

10)     The value of the 14 bundles of U.S. currency totaled $231,850.

11)     None of the five occupants of the Chevrolet Silverado claimed ownership of the Defendant Property.

### FIRST CLAIM FOR RELIEF

12)     The United States incorporates by reference the allegations in paragraphs 1 through 11 as though fully set forth herein.

13)      Title 21, United States Code, Section 881(a)(6) subjects to forfeiture "[a]ll moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter."

14)     Defendant Property was furnished, or and intended to be furnished, in exchange for a controlled substance, and constitutes proceeds traceable to such an exchange, and was used or intended to be used to facilitate a violation of the Controlled Substances Act and is thus subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

3

**SECOND CLAIM FOR RELIEF**

15)     The United States incorporates by reference the allegations in paragraphs 1 through 11 as though fully set forth herein.

16)     Title 31, United States Code, Section 5332(c)(1) subjects to forfeiture any property involved in a violation of Title 31 United States Code, Section 5332(a), or a conspiracy to commit such violation, and any property traceable to such violation or conspiracy.

17)     Property involved in the offense includes any currency or other monetary instrument that is concealed or intended to be concealed in violation of 5332(a) or a conspiracy to commit such violation, any article, container, or conveyance used, or intended to be used, to conceal or transport the currency or other monetary instrument, and any other property used, or intended to be used, to facilitate the offense. 31 U.S.C. § 5332(c)(3)

18)     The Defendant Property was concealed or intended to be concealed in violation of 31 U.S.C. § 5332(a).

19)     The Defendant Property was involved in a violation of 31 U.S.C. § 5332(a), and a conspiracy to commit such violation, and constitutes property traceable to such violation or conspiracy and is thus subject to forfeiture to the United States pursuant to 31 U.S.C. § 5332(c)(1).

WHEREFORE, Plaintiff seeks arrest of Defendant Property and forfeiture of same to Plaintiff, determination of the validity and priority of claims of the Claimants and any Unknown

claimants to the Defendant Property, costs, and expenses of seizure and of this proceeding, and
other proper relief.

Respectfully submitted,

ALEXANDER M. M. UBALLEZ
United States Attorney

*/s/ Stephen R. Kotz*
STEPHEN R. KOTZ
SARAH M. DAVENPORT
Assistant U.S. Attorneys
P.O. Box 607
Albuquerque, NM 87103
(505) 346-7274

**28 U.S.C. § 1746 DECLARATION**

I am a Special Agent with Untied States Customs and Border and Protection who has read the contents of the Complaint for Forfeiture *In Rem* to which this Declaration is attached; and the statements contained in the complaint are true to the best of my knowledge and belief.

I declare under penalty of perjury and the laws of the United States of America that this Declaration is true and correct, except as to matters stated on information and belief, and as to those matters, I believe them to be true.

Dated: 7/1/24

Gabriel Lara, Special Agent
United States Customs and Border and Protection